<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CESAR TODD-MURGAS, | : | |
| | : | Civil No. 07-1644 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| CHARLES SAMUELS, JR., | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

> CESAR TODD-MURGAS, Petitioner <u>pro se</u>
> #07109-052
> F.C.I. Fort Dix
> P.O. Box 2000 (East)
> Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

This matter is before the Court on the petition of Cesar Todd-Murgas for habeas corpus relief under 28 U.S.C. § 2241, seeking derivative citizenship pursuant to 8 U.S.C. § 1431(a)(1)(2)(B). Petitioner submitted an application to proceed <u>in forma pauperis</u>, and it appears that he is qualified to proceed as an indigent in this matter. Accordingly, the Court will grant petitioner's application and permit him to proceed <u>in forma pauperis</u> in this matter. For the reasons set forth below, the Court will dismiss the petition without prejudice for lack of jurisdiction at this time.

I.  <u>BACKGROUND</u>

The following facts are taken from the petition, and are assumed true for purposes of this decision.

On or about March 3, 1990, Petitioner alleges that he arrived in the United States as a permanent resident alien.  At that time, Petitioner was in the custody of his father, Ruben Antonio Todd.  Ruben Antonio Todd became a U.S. citizen on October 25, 1984, when Petitioner was 16 years old.  Thus, it appears that Petitioner, who is now 39 years old, was about 22 years old when he arrived in the United States in 1990.  It also would appear from Petitioner's allegations that he was not living with his father in the United States when he was a minor and when his father became a U.S. citizen.

Petitioner now brings this action under § 2241, because he is presently confined at the FCI Fort Dix.  He claims he meets all the criteria for derivative citizenship status, as set forth in 8 U.S.C. § 1341(a)(1) and(2).  Petitioner further alleges that he has exhausted his administrative remedies because he has petitioned the Immigration and Naturalization Office having jurisdiction over the FCI Fort Dix, for derivative citizenship on several occasions, but has not received any response.[1]  He

---

[1]  Petitioner attaches to his petition copies of the letter he sent, dated November 15, 2005 and resent December 1, 2006.  He also attaches the Inmate Requests, dated January 9, 2007 and February 20, 2007, in which he sought the assistance of FCI Fort Dix officials in verifying his derivative citizenship status.

complains that, until his derivative citizenship is declared, he cannot participate in the Community Correctional Center Program and several other programs offered by the Federal Bureau of Prisons ("FBOP") to U.S. citizens.

## II.    ANALYSIS

### A.    Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.    <u>Petitioner's Claim</u>

Petitioner claims that he became a citizen pursuant to his father's naturalization when petitioner was 16 years old.  He asks this Court to grant him derivative citizenship status.  It would appear from Petitioner's allegations and the documents he provided to the Court with his petition, that Petitioner was not residing with his father in the United States when his father became a U.S. citizen in 1984.  In fact, Petitioner admits that he arrived in the United States in 1990.  Given Petitioner's present age of 39 years old, he would have been about 22 years old, not a minor, at the time he arrived in the United States as a permanent resident alien.

There are no allegations in the petition that Petitioner is subject to removal from the United States, or that he has been noticed for removal proceedings.  However, Petitioner does allege that his status as an alien is affecting his classification status and eligibility for certain programs as a prisoner at FCI Fort Dix.

C.  <u>No Jurisdiction for Judicial Review at this Time</u>

There are two ways by which Petitioner may seek judicial review of his derivative citizenship claim.  First, "where an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied [in the removal proceedings], that individual may seek judicial review of the

claim only before the appropriate court of appeals, not a
district court." Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108
(E.D.N.Y. 2003)(citing 8 U.S.C. § 1252(b)(5)); see also Rivera-
Martinez v. Ashcroft, 389 F.3d 207, 208-10 (1st Cir.
2004)(holding that alien cannot pursue derivative citizenship
claim in a § 2241 habeas action because § 1252(b) establishes a
specific statutory process for such claims), cert. denied, 545
U.S. 1142 (2005); McKenzie v. INS, No.Civ.A. 04-1001, 2005 WL
452371 (E.D. Pa. Feb. 23, 2005).  Here, there are no allegations
that Petitioner is subject to removal proceedings, and that he
applied for derivative citizenship in removal proceedings.

     Second, Petitioner may file an Application for Certificate
of Citizenship (Form N-600) with the United States Department of
Homeland Security, Customs and Immigration Services ("CIS").  8
C.F.R. § 341.1.  The applicant may appeal the denial of an
application for a certificate of citizenship to the
Administrative Appeals Unit (AAU).  8 C.F.R. § 322.5(b).  In
certain circumstances, an applicant whose appeal is denied by the
AAU is entitled to bring an action in federal district court
seeking a declaratory judgment of citizenship.  See 8 U.S.C. §
1503(a).  Petitioner does not show that he has filed an "Form N-
600" application for derivative citizenship.  Nor does he allege
that there has been an administrative denial of his derived
citizenship claim.

Thus, as illustrated above, federal statute and regulations provide an administrative process for aliens to apply for derivative citizenship and appeal an unfavorable determination. 8 U.S.C. § 1452(a); 8 C.F.R. §§ 341.1, 103.3(a).  See Ewers v. INS, 2003 WL 2002763, *2 (D.Conn., Feb. 28, 2003).  Moreover, federal law requires that the alien exhaust all available administrative remedies before seeking judicial review with respect to a claim of citizenship, whether it is raised in a removal proceeding or through the filing of an application for declaration of citizenship.  See 8 U.S.C. § 1252(b); 8 U.S.C. § 1503(a); see also Massieu v. Reno, 91 F.3d 416, 426 (3d Cir. 1996); United States v. Breyer, 41 F.3d 884, 891-92 (3d Cir. 1994)(§ 1503(a) requires a "final administrative denial" before commencing an action for a declaratory judgment); McKenzie v. INS, 2005 WL 452371, *4 (E.D.Pa., Feb. 23, 2005); Ewers, supra. This exhaustion requirement is jurisdictional.  See Duvall v. Ellwood, 336 F.3d 228, 233 (3d Cir. 2003); Breyer, 41 F.3d at 891-92.

Here, Petitioner did not raise his derivative citizenship claim in removal proceedings.  In fact, as stated above, there are no allegations that removal proceedings have been initiated against petitioner.  However, even if Petitioner had properly raised his derivative citizenship claim in removal proceedings and fully exhausted his administrative remedies, the proper forum

6

for seeking judicial review of his claim would be the United
States Court of Appeals for the Third Circuit, and not this
district Court.

Moreover, Petitioner does not show that he has applied for a
certificate of citizenship by filing a Form N-600 application
with the CIS.  Rather, he alleges that he has sent two letters to
the Immigration and Naturalization Services, and has not received
any response to his applications.[2]  Thus, there is no
administrative determination with respect to Petitioner's claim
of citizenship for this Court to review and Petitioner has not
availed himself of the administrative process necessary to a
claim of citizenship.  Therefore, this Court lacks subject matter
jurisdiction to adjudicate Petitioner's claim of derivative
citizenship.  Accordingly, Petitioner's petition for habeas
relief under § 2241 will be dismissed without prejudice.

Finally, even if jurisdiction under § 2241 is lacking at
this time, the Court finds that petitioner has no basis for

---

[2]  Pursuant to the Homeland Security Act of 2002, Pub. L.
No. 107-296, 116 Stat. 2135 (2002), the Immigration and
Naturalization Services ("INS") was abolished.  On March 1, 2003,
most of the functions of the INS were transferred to the
Department of Homeland Security ("DHS").  See Authority of the
Secretary of Homeland Security; Delegations of Authority;
Immigration Laws, 68 Fed. Reg. 10922 (March 6, 2003).  Three
departments within the DHS assumed the INS's responsibilities:
(a) U.S. Citizenship and Immigration Services ("CIS") has taken
on the INS's immigration benefit services; (b) U.S. Immigration
and Customs Enforcement ("ICE") has assumed the INS's law
enforcement functions; and (c) U.S. Customs and Border Protection
("CBP") has taken the border patrol.

construing this action as a complaint for declaratory judgment under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq., in combination with the federal question statute, 28 U.S.C. § 1331, or alternatively, as a writ of mandamus compelling the CIS to process his application for naturalization under the Mandamus Act, 28 U.S.C. § 1361.  The Court will address each statute in turn.

First, the APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  See also Brock v. Pierce County, 476 U.S. 253, 260 n. 7 (1986)(noting that the APA permits the district court to compel agency action).

Here, the CIS has a non-discretionary duty to process Petitioner's application for a certificate of citizenship within a reasonable time frame and that jurisdiction exists for this Court to compel the performance of this duty.  See Yu v. Brown, 36 F. Supp.2d 922, 931 (D.N.M. 1999); Fraga v. Smith, 607 F. Supp. 517, 521 (D. Or. 1985)(holding that the language of 8 U.S.C. § 1452, regarding the procedure for naturalization applications, implicitly requires the INS to process such

applications with reasonable promptness).  However, Petitioner
has not filed the appropriate application, Form N-600, with the
proper agency; nor has he alleged sufficient facts to show that
the delay in adjudicating his application for citizenship is
adversely affecting him.  Consequently, it does not appear that
Petitioner can meet the requirements to file a civil complaint
under the APA.

Alternatively, the Mandamus Act vests the district court
with original jurisdiction over any action in the nature of
mandamus to compel an officer or agency of the United States to
perform a duty owed to a plaintiff.  See 28 U.S.C. § 1361.  It is
well-established that a writ of mandamus is an extraordinary
remedy, to be granted only in extraordinary cases.  See Heckler
v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426
F.2d 562, 565 (3d Cir. 1970).  Mandamus relief is appropriate
"only when the plaintiff's claim is clear and certain and the
duty of the officer is ministerial and so plainly prescribed as
to be free from doubt."  Giddings v. Chandler, 979 F.2d 1104,
1108 (5th Cir. 1992).  The Supreme Court has set forth conditions
to be established before mandamus relief is granted:  (1) that
plaintiff has a clear right to have his application adjudicated;
(2) that defendants owe a nondiscretionary duty to rule on the
application; and (3) that plaintiff has no other adequate remedy.
See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35

9

(1980); <u>Kerr v. United States District Court</u>, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); <u>United States v. Ferri</u>, 686 F.2d 147, 152 (3d Cir. 1982), <u>cert</u>. <u>denied</u>, <u>Matthews v. U.S.</u>, 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." <u>Coombs v. Staff Attorneys</u>, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

For the reasons stated above, Petitioner has not shown that his right to the writ is clear and undisputable. At this point in time, Petitioner has not filed the appropriate application for derivative citizenship with the proper agency, namely the CIS. Thus, there exists an adequate means of relief for Petitioner to obtain his derivative citizenship, which he has not fully pursued or exhausted. Consequently, Petitioner has not alleged sufficient facts that would enable him to proceed with a mandamus action to compel the CIS to adjudicate his letter request for derived citizenship.[3]

---

[3]  Without making any determination of his derivative citizenship claim, this Court further notes that Petitioner may not be entitled to derivative citizenship under 8 U.S.C. § 1431(a) because he has not alleged facts sufficient to meet the criteria for derived citizenship.  Namely, the statute provides that the naturalization of one parent take place while the child is under the age of 18 years, **and** that such child is residing in

III.  <u>CONCLUSION</u>

For the reasons set forth above, the petition will be dismissed without prejudice for lack of jurisdiction at this time.  An appropriate order follows.


 s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: April 19, 2007

At Camden, New Jersey

---

the United States lawfully at the time of the naturalization and begins to reside in the United States as a lawful permanent resident while under the age of 18 years.  8 U.S.C. § 1431(a)(1) and (2).  Here, Petitioner admittedly was not residing in the United States when his father became a naturalized U.S. citizen, and was over 18 years of age when he arrived in the United States to reside as a permanent resident.